Good morning, your honors. May it please the court, my name is Jaime Hossel and I represent the petitioners in this matter, Jose Garcia-Cortez and his wife Alicia Chavarria. Briefly stated and summarized the issues before the court as the petitioners have presented it to it. Our respect to you, whether or not the Board of Immigration Appeals, the BIA actually violated the due process rights of the petitioners by summarily dismissing their appeal and in reference to that whether or not the decision issued by the Board of Immigration Appeals itself conflicts internally with its order and thus also violates the due process rights of the petitioners in order to present a proper appeal before this court with respect to its judicial review powers over the decision. And lastly, the petitioners contend that the immigration judge himself violated the due process rights of the petitioners with respect to advising the petitioners of their duties and rights in the lower court proceedings with respect to presenting witnesses as well as presenting documentation establishing the merits of their claim. In a nutshell, with respect to the facts of the case, the petitioners in the case were deported by an immigration judge for failing to establish two of the three elements for the relief requested in the request of cancellation or removal. In order to establish that application for relief, you have to establish at least ten years of physical presence in the United States, demonstrate good moral character and establish exceptional and mutual heart to your qualified relatives. In this case, they were U.S. citizen children at issue. The immigration judge found that the petitioners had not established the ten years of physical residence and had determined that the requisite hardship had also not been established. The immigration judge did, however, find that the individuals were persons of good moral character. The immigration judge denied the application. The petitioners timely appealed, filed a notice of appeal indicating the reasons for which they thought they believed the immigration judge was in error. The petitioners at that point in time received an order instructing them to file their briefs. They asked for a short extension of time. The petitioners, in fact, filed their brief. The Board of Immigration Appeals subsequently denies the appeal summarily on one point and on the other hand, I'll address it in a minute, but in reference to the summary dismissal, the Board indicates that the petitioners never filed their appellate brief. Petitioners at that point in time filed a motion to reconsider. Apparently, there must have been a mistake. The Board never received it. That is their contention. It is at that point in time when the Board of Immigration Appeals renders its decision on the motion reconsidered that acknowledges the fact that, no, it did receive the appellate brief, but it was received late. At that point in time, the petitioners have no other alternative, of course, but to file a petition for review of both the original decision summarily dismissing the appeal as well as the motion to reconsider. In reference to the actual summary dismissal, what is very important, and I want to stress a couple moments in reference to that issue, is the recent decision of Singh. Singh came out just a couple weeks ago in reference to summary dismissals from the Board of Immigration Appeals. Opposing counsel, rightly so, filed a 28-J letter in reference to Singh. I filed an answering letter in reference to Singh's application, and I think that's very important because Singh itself addresses the issue of when it's appropriate, of course, for the Board of Immigration Appeals to summarily dismiss the appeal as well as the additional portion of the decision of the Board of Immigration Appeals. Singh basically affirms or confirms this Court's prior decision in Casas-Chavez and Torquero, which says if the petitioner indicates that he or she is going to file the brief and does not specifically mention in the notice of appeal the reasons for the appeal, then the Board is authorized by regulation to summarily dismiss the appeal. The Board is required to be put on notice as to what issues it should address. Absolutely. So, Casas-Chavez, when the petitioner establishes the ground for appeal with sufficient clarity on the notice of appeal form, the mere failure to file a brief after indicating one would be filed may not be a constitutionally sufficient rationale for dismissing an alien's appeal without considering the merits. Correct. And your point here is that on this notice of appeal, your clients did indicate the grounds for their appeal. Absolutely. And specifically, Jose had a letter from the employer he had more than ten years ago. Exactly. And the judge and the business about witnesses, was that letter from the employer he had ten years ago in the record before the IJ? No, it was refused to be accepted by the IJ. The petitioners indicate they have a letter from the employer establishing or helping to establish the requisite ten years of physical presence, but it's the IJ's position that the IJ is not going to accept the letter because of the prior testimony of the petitioner, that it had conflicted itself and the letter would not help resolve the situation. That's in reference to the actual notice to appeal. But seeing that you say here, this is really the ground and it's right there in the notice of appeal.  And that falls within the Casas-Chavez. Casas-Chavez and Toquero. But Singh went one step further. Singh not only talks about summary dismissal, but he talks about the specific language of the board's decision, which speaks directly as to whether or not in addition to summarily dismissing the appeal, they also independently review the decision. That is a conflict in the board's decision. On one hand they're summarily dismissing it pursuant to regulations, and on the other hand they're reviewing the merits of the claim. Opposing counsel in their answering brief specifically says and agrees, the noble review, the Board of Immigration Appeals is conducting the noble review. Rightly so in their letter, they're now disavowing what they call an implication that the board is saying, they're conducting their noble review, but of course that's as a result of Singh. Singh, in my humble opinion, your honors, no disrespect to the court, I don't believe that it's appropriate to ignore the plain language of the board's order, which specifically says we are independently looking at the record, and we find absolutely no reason why the ultimate decision of the immigration judge is incorrect. Petitioners have never contended that either one is inappropriate. The board has the authority to summarily dismiss or to conduct an independent review, the noble on their own. In fact, the language that specifically mentions the fact that the board may summarily dismiss the petition if they're not properly apprised of the issues before it, specifically says that it may dismiss or summarily dismiss. It doesn't have to. So on the one hand, the board has the authority, so it's wanted to conduct their own independent review, and on the other hand, they have the power to summarily dismiss it. The problem occurs when they do both. What this Singh court indicated is that we're going to ignore that. When the board says they're summarily dismissing it, they're summarily dismissing it on a procedural ground, and we can only look at the issue of whether or not the notice to appear was proper. Did it properly specify the reasons? This court has essentially said, we're going to ignore that portion of the order that says they're independently looking at the record, and that is not a meritorious review for the removal proceedings. What do you think Singh compels us to do with this? Singh, the way it stands, says that this court should ignore the language of the board which said that they independently reviewed, and simply look to the notice of appeal. That works in your favor, doesn't it? It is in reference to whether or not the way we presented the case is that even if Singh does apply, the Petitioners did sufficiently identify the issues before the court. So it would survive a Singh analysis. But that's still not the proper procedure that should be performed by the court. But we're stuck with it, maybe. I don't know if the court is necessarily stuck. I think this court oftentimes revisits issues, and although this is a short time frame between revisiting the issue, nonetheless, this court is required to follow U.S. Supreme Court precedent. And I noted in my answering 28-J letter, and I'll just briefly quote from the Supreme Court decision in SEC v. Chenery, It will not do for a court to be compelled to guess at the theory underlying the agency's action, nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, we must know what a decision means before the duty becomes ours to say whether it is right or wrong. In the decision presented by the BIA, they are presenting an internally conflicting decision. Two different theories of application, two different theories that would limit this court's judicial review powers. Summary dismissal, you're limited to only the notice of appeal. If they independently review the decision, the noble review. Absolutely two sets of different case analysis that the court is then required to apply, but it depends on which is the theory. Same, made a determination, made, I would imagine, an educated guess, but a guess nonetheless. And that was prohibited. The appropriate remedy was to remand it. Tell the BIA, what are you guys doing? And your time has expired, but we'll let you respond to the other side. Thank you. Good morning, may it please the court. Michelle Thresher for the respondent, John Ashcroft. The Board of Immigration Appeals acted appropriately and did not abuse its discretion in summarily dismissing the petitioner's appeal for their unexplained failure to file a brief within the time set for filing. This court has consistently upheld the Board's authority to summarily dismiss in situations where, like here, the notice of appeal lacks the requisite specificity. This is a better one than usual, though. Well, Your Honor, if it's viewed in isolation, I could see how that might appear to be so, but the notice of appeal has to be viewed in the context of what the immigration judge actually decided. When you look at the judge's decision, it's quite clear that what the petitioner has alleged in the notice of appeal is not adequately specific. The judge denied the petitioner to What does it put you on notice of? I'm sorry, Your Honor? What does it put you on notice of, from your perspective? Well, it doesn't challenge any of the specific basis for which the judge denied the application. For instance, the judge found that neither petitioner established the 10-year continuous physical presence requirement. And that's identified in the notice of appeal. The notice of appeal says we have a letter from an employer that predates the 10 years, and the I.J. ignored that. And from what I understand from this record, it's true that the I.J. ignored that. And isn't that the basis for the appeal? We're looking to get 10 years under our belts. We've got a letter here. The I.J. wouldn't even look at it. And that's the nature of our appeal. That seems reasonably specific, doesn't it? Well, Your Honor, that's actually not accurate as far as the judge's treatment of the letter. Go ahead. The letter does appear in the record, and it's at Administrative Record 174. That's the actual letter. The judge didn't refuse to admit it into the record. The judge admitted it into the record but decided, look, this is inherently untrustworthy because although this letter says that the petitioner was employed beginning in February 1987, the petitioner, first of all, didn't even list the letter writer on his application. And second of all, when he testified about the dates of his supposed employment with the letter writer, he gave conflicting testimony. He didn't even testify consistent with the letter about the dates. The judge said, I find this letter entirely unreliable. But the petitioner didn't. But the judge did consider it. That's right, Your Honor. He didn't reconcile it in the way that the judge felt appropriate as to other evidence. Well, this is considered and discussed at length, actually, between pages 65 and 67 of the immigration judge's decision. If that's the case, this appears to be the fulcrum of the case, this letter, and whether it gives them 10 years. And so in terms of the notice of appeal, they may lose. I mean, you may crush them in the BIA and here, but nonetheless, doesn't that say it's this letter that is the central part of our appeal? Well, Your Honor, I think it's very important to recognize that this letter wasn't the central part, the central issue in the failure to establish the 10 years. For instance, Ms. Chabrine Carrillo, she admitted both in her written application and after repeated testimony in court that she arrived at the United States on a date that was less than 10 years prior to the notice of the service to appear. She gave a date that, actually, I don't have the date here, but it was, I believe, May 27th. Okay, but that's the wife, right? I'm sorry? That's the wife? That's the wife, right. The letter covers Jose. What did he have to say? Right. For the husband, when he asked, what address did you live at when you first came here to the United States? First of all, he gave an address that appeared in the 1989 ID card, which wasn't even listed in the cancellation of removal application. And then when he was asked again, Doesn't all that go to really why you would win in front of the BIA, not whether you were on notice? Well, Your Honor, the issue here before this Court is whether the notice of appeal was sufficiently specific in discussing the particular details of the issues contested. But where the petitioner doesn't even discuss any of these details that caused the judge to reject this letter, we don't have any indication of why the petitioner believed the immigration judge would have erred. The petitioner nowhere discusses that, so his testimony was inconsistent regarding he first of all gave an address to the ID card he had in 1989. You seem to be doing a pretty good job of arguing just from the letter of what the issue is on the 10 years. I'm sorry? You seem to be doing a pretty good job just from the letter of what the issues are. Right. But when you look at the judge's decision, so first of all, we have Ms. Sheverine Carrillo's admission that she arrived less than 10 years. Then we have Mr. Garcia Cortez's testimony about giving addresses that he didn't live at until much later in the application, not within the 10 year period. And then we have the letter which the judge rejected for specific discrepancies that the petitioner never discussed in the notice of appeal. And then we have this whole exceptional or extremely unusual hardship determination which is not mentioned at all in the notice of appeal which would be an independent basis for denying the petitioner's applications. The judge found that the petitioners had failed to establish exceptional or extremely unusual hardship because their children were in perfect health. They were in a young age and they could go with the family. They have grandparents and other family in Mexico. And the judge found that to the extent that the petitioner's children might not have had the same educational or medical care in Mexico that they could get in the United States, the judge found, well, those concerns unfortunately are very common. Those are not exceptional and extremely unusual hardships. There's nothing challenging that determination in the notice to appeal. What about what could be construed as a due process challenge? The judge said the last time that we should have brought witnesses but he did not tell us ahead of time. Right, Your Honor. Well, first of all, I think that it's pretty clear from the judge's decision in light of these discrepancies that witnesses would not have made a difference. In fact, the judge said that Then you're winning on the merits. Well, the question though is did they challenge the particular details for the basis of the judge's decision? So, for instance, the judge said with respect to the letter even if you had a witness here Let me find what page this is. Even if you had a witness here that wouldn't have made a difference. I'm not denying this because the letter writer is not in court. I'm denying this because of these discrepancies in your testimony. So, to that extent, I don't see how the witnesses would have made a difference. I also think it is worth noting that the petitioners were actually instructed on their right to present evidence and told where to go for more information. Again, you win on the merits. Well, Your Honor, the question of the merits, although this court is not deciding the merits the merits of the judge's decision is relevant in indicating whether the petitioner actually challenged and pointed to particular factual details for why the judge was wrong. And where the petitioner hasn't pointed to those particular factual details for why the judge was wrong and, in fact, didn't even address this whole exceptional and extremely unusual hardship requirement then you can't say that the board had a notice, adequate notice of why the petitioners believed that the judge erred. Now, what happens if you do have adequate notice? Let's say you have a notice of you have a notice of appeal here and the notice of appeal sets forth the whole shebang, everything in exquisite detail. You know, I mean, it's you and you wrote it and you went to law school and all that kind of stuff. And then they just say eh, no briefs, you know, we're not going to file any briefs in the notice of appeal. How does the case proceed then? Well, Your Honor, under Casas Chavez that case would then have to be remanded to the board for consideration of the merits. But how would the board, does the board consider merits on a case like that where the whole case is the notice of appeal? Well, if the notice of appeal is adequately specific then under this court's precedent the board would have to consider the merits. Do they do that? Well, in this case they wouldn't have had to because the notice of appeal wasn't adequately specific. Yeah, I know, but we talk about this all the time and it just jumped into my head. What do they do when all they have is a notice of appeal that sets forth the whole case? And no briefs. In general the regulations give the board independent regulatory authority to summarily dismiss for the sole reason that the petitioner has failed to file a brief after indicating one will be filed. Do they call on you to file a brief then? If there's a notice of appeal and that's the only thing that the petitioners are relying on? Well, they have. The regulations give the board authority to summarily dismiss for the unexplained failure to file a brief within the time set for filing. This court has added the requirement in Casa Chavez that it's inappropriate for the board to do that in situations where the notice of appeal was sufficiently specific. And then we said you've got to do it on the basis of the notice of appeal. Right. Do they ask you to file a brief in response to the notice of appeal? Honestly, Your Honor, I don't know what happens. I'm just trying to see how this whole thing plays out. Do you have anything else? Yes, Your Honor. The denial of the motion to reconsider also is not an abuse of discretion because the petitioners failed to demonstrate any error of fact or law in the immigration judge's or in the Board of Immigration Appeals original summary dismissal order. Although the petitioners claimed that they timely submitted a brief, they admitted in the affidavits in support of their application that they had no proof of this timely filing, and the record by contrast contained this notice that demonstrated that their brief was rejected as untimely on September 29, 1998. If we were to conclude to your shock and dismay that this notice of appeal is satisfactory, then what does Singh do? Well, Your Honor, this court, Singh means that none of the petitioners' due process claims are properly before this court. Singh indicates that when the board summarily dismisses, it's only dismissing for that procedural reason. It hasn't made an alternative finding on the merits. So if this court were to conclude that the summary dismissal were in error, it would need to remand to the board for consideration of the claims on the merits. I think Singh means, though, to the extent that the petitioners make due process challenges to the immigration judge's conduct of the hearing, the board has never addressed those issues. And in fact, the petitioners have failed to exhaust administrative remedies by failing to perfect their appeal. So this court would, at this point, lack jurisdiction over those claims. Even though the board said we did, we conclude they didn't. Send it back to say do it over again. They said we already did it. Same answer. Well, Your Honor, the board actually did not say it considered the claims in error. I concede that that's probably not the best language in the world. But as this court recognized in Singh and as the Seventh Circuit recognized in the Ah case, the board in deciding whether to, the board, when a petitioner fails to file the promise brief, the board doesn't have to summarily dismiss at that point. The board can, in its discretion, decide well, we are going to review it on the merits regardless of the failure to file the brief, which is why I'm just calling it urgent that this is an abuse of discretion standard, although this court has yet to decide whether it's an abuse of discretion or whether it's just viewed as appropriate. But in any event, the board, in exercising its discretion, can say, well, you know, we also glanced through it and on the face of it, we don't see any errors here. And I believe that that's what that statement's meant to say, as the Seventh Circuit recognized in Ah and as this court recognized in Singh. It wasn't trying to say, you know what, we're going to decide this on the merits anyway, even though we don't have any idea really what these specific claims of error are. Instead, we're going to say, well, on the face of it, it looks like the judge wrote a pretty darn good decision, which in this case he actually did. And it looks like the Petitioners haven't I'm sorry. Do you have anything else to say? Your Honor, Respondent submits that the Board of Immigration Appeals acted appropriately and did not abuse its discretion, summarily dismissing and likewise did not abuse its discretion in denying the motion to reconsider. Thank you, Counsel. We'll give you a minute to respond. Just a couple quick points. In reference to your question as to whether or not the Board of Immigration Appeals would have to make a decision simply on the Notice of Appeal itself, yes. In fact, that's the Court's decision in Casas Chavez. You have two different options. You can do the Notice of Appeal or the brief. If you submit the Notice of Appeal and that's sufficient and you do not submit the brief, the Board of Immigration Appeals may not dismiss it simply because you did not file the appellate brief. In reference to whether or not the Petitioners in this case would actually ultimately win or lose, that's really speculation, and it's speculation on the part of all of us. But really, the other side is saying that this isn't specific enough. I mean, it's just throwing a dart up in the air and it doesn't even come close to hitting the target. Right. That's what she's contending in our position is absolutely not. It stresses the point about the physical presence and the corroborating evidence in which it would establish or help establish that fact, as well as witnesses. Now, whether or not witnesses would have been able to establish the physical presence? Let's assume you're right. I'm now the BIA and I get told, decide the case on this notice of appeal. Yes. It's a difficult position, but nonetheless, it is the obligation of the Board of Immigration Appeals to make that determination, especially when the actual order in which it's presented by or provided by the Board of Immigration Appeals says, moreover, upon review of the record, we are not persuaded that the immigration judge's ultimate decision of the case was an error. The Board of Immigration Appeals doesn't say, oh, we cursory glanced at it. We took a look at the face and found that there was nothing much to it. They say, upon review of the record, and this Court is being asked to dismiss that language in reference to whether or not witnesses would have helped. Speculation. Speculation on the part of opposing counsel and on the part of me on whether or not it would have helped them. But nonetheless, it was their right under the statutory and regulatory right to present witnesses. When were they apprised of the fact that they could have presented the witnesses? On the day of the merits hearing. The transcripts clearly reveal that on that day, the judge says these are the factors that you must prove to me. Were your witnesses. Well, routinely, aren't they told long before these hearings you have a right to bring in witnesses to testify on your behalf? Routinely, they should be. Whether or not they were done in this case, the record does not show, based on the transcripts, that they were until the day of the hearing. I have a feeling that if we go and peek under the covers, we'll find to the contrary. In any event, the case just argued is ordered and submitted. Thank you both. This too has been very helpful. You're both quite skilled at your specialties. The case argued is
judges: Hall, Trott, Callahan